# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                    §
                                          §
CULOS, BENJAMIN ROY                       §        Case No. 11-20221
                                          §
                    Debtor(s)             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

   1. A petition under chapter 7 of the United States Bankruptcy Code was filed on
05/12/2011 .  The undersigned trustee was appointed on  05/12/2011 .

   2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

   3. All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A.**

|   |   |   |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 24,700.00 |

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 7,727.84 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

|   |   |   |
|---|---|---|
| Leaving a balance on hand of[1] | $ | 16,972.16 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 02/21/2012 and the deadline for filing governmental claims was 02/21/2012 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,220.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 3,220.00 , for a total compensation of $ 3,220.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 196.82 , for total expenses of $ 196.82 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/03/2012 _____     By:/s/JOSEPH R. VOILAND _____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Exhibit A

| Case No: | 11-20221 | RG | Judge: MANUEL BARBOSA | Trustee Name: | JOSEPH R. VOILAND |
| Case Name: | CULOS, BENJAMIN ROY | | | Date Filed (f) or Converted (c): | 05/12/11 (f) |
| | | | | 341(a) Meeting Date: | 06/28/11 |
| For Period Ending: 07/03/12 | | | | Claims Bar Date: | 02/21/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. real estate - 101 Mavis Ave., South Elgin, IL | 500,000.00 | 0.00 | DA | 0.00 | FA |
| 2. American Eagle Bank, checking account 2002 | 71.69 | 0.00 | DA | 0.00 | FA |
| 3. duplicate entry | 0.00 | 0.00 | DA | 0.00 | FA |
| 4. Miscellaneous household goods. audio, video, and | 250.00 | 0.00 | DA | 0.00 | FA |
| 5. duplicate entry | 0.00 | 0.00 | DA | 0.00 | FA |
| 6. wearing apparel | 250.00 | 250.00 | DA | 0.00 | FA |
| 7. 50% interest in B & D Properties | 0.00 | 0.00 | DA | 0.00 | FA |
| 8. duplicate entry | 0.00 | 0.00 | DA | 0.00 | FA |
| 9. Mechanic's lien filed against 8053 N. Prospect, | 9,000.00 | 7,354.69 | DA | 0.00 | FA |
| 10. 2006 Chevy HHR | 8,775.00 | 0.00 | DA | 0.00 | FA |
| 11. 2010 Chevy Traverse | 22,300.00 | 0.00 | DA | 0.00 | FA |
| 12. 1931 Ford Convertible (u) | Unknown | 25,000.00 | | 24,700.00 | FA |

|  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $540,646.69 | $32,604.69 | $24,700.00 | $0.00 |
|  |  |  |  | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/15/12      Current Projected Date of Final Report (TFR): 06/15/12

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| | | |
|---|---|---|
| Case No: | 11-20221  -RG | |
| Case Name: | CULOS, BENJAMIN ROY | |
| | | |
| Taxpayer ID No: | *******7548 | |
| For Period Ending: | 07/03/12 | |

| | |
|---|---|
| Trustee Name: | JOSEPH R. VOILAND |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******7151  Checking Account |
| | |
| Blanket Bond (per case limit): | $ 50,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/30/12 | 12 | Mecum Auction, Inc. | | 1229-000 | 24,700.00 | | 24,700.00 |
| 06/19/12 | 001001 | MICHAEL J. NEITZER | car salesman compensation | 3991-000 | | 2,470.00 | 22,230.00 |
| 06/19/12 | 001002 | MICHAEL J. NEITZER | expenses re 1931 Ford | 3992-000 | | 5,257.84 | 16,972.16 |

|  | | | |
|---|---|---|---|
| COLUMN TOTALS | 24,700.00 | 7,727.84 | 16,972.16 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 24,700.00 | 7,727.84 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 24,700.00 | 7,727.84 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account - *******7151 | 24,700.00 | 7,727.84 | 16,972.16 |
| | 24,700.00 | 7,727.84 | 16,972.16 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

LFORM24

Page Subtotals   24,700.00   7,727.84

Ver: 16.05c

| Page 1 | | | EXHIBIT A<br>ANALYSIS OF CLAIMS REGISTER | | | Date: July 03, 2012 |

Case Number: 11-20221
Debtor Name: CULOS, BENJAMIN ROY

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2700-00 | Clerk of the U.S. Bankruptcy Court<br>219 S. Dearborn<br>Chicago, IL 60604 | Administrative | | $250.00 | $0.00 | $250.00 |
| 001<br>3120-00 | JOSEPH R. VOILAND | Administrative | | $127.24 | $0.00 | $127.24 |
| 001<br>3110-00 | JOSEPH R. VOILAND | Administrative | | $1,032.50 | $0.00 | $1,032.50 |
| 000005P<br>040<br>5800-00 | Illinois Department of Revenue<br>Bankruptcy Section<br>PO Box 64338<br>Chicago, IL 60664-0338 | Priority | | $47,187.43 | $0.00 | $47,187.43 |
| 000003<br>070<br>7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $15,335.53 | $0.00 | $15,335.53 |
| 000004<br>070<br>7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $9,362.81 | $0.00 | $9,362.81 |
| 000005U<br>070<br>7100-00 | Illinois Department of Revenue | Unsecured | | $5,508.60 | $0.00 | $5,508.60 |
| 000001<br>050<br>4210-00 | Ally Financial (f/k/a GMAC)<br>P.O. Box 130424<br>Roseville, MN 55113 | Secured | | $30,757.44 | $0.00 | $30,757.44 |
| 000002<br>050<br>4210-00 | Ally Financial (f/k/a GMAC)<br>P.O. Box 130424<br>Roseville, MN 55113 | Secured | | $3,412.80 | $0.00 | $3,412.80 |
| | Case Totals: | | | $112,974.35 | $0.00 | $112,974.35 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No.: 11-20221
Case Name: CULOS, BENJAMIN ROY
Trustee Name: JOSEPH R. VOILAND

Balance on hand                                    $            16,972.16

Claims of secured creditors will be paid as follows: NONE
Secured claim of Ally Financial in the amount of $30,757.44 (Claim No. 1)
was withdrawn. Secured claim of Ally Financial in the amount of $3,412.80
(Claim No. 2) was withdrawn.

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH R. VOILAND | $        3,220.00 | $          0.00 | $        3,220.00 |
| Trustee Expenses: JOSEPH R. VOILAND | $          196.82 | $          0.00 | $          196.82 |
| Attorney for Trustee Fees: JOSEPH R. VOILAND | $        1,032.50 | $          0.00 | $        1,032.50 |
| Charges: Clerk of the U.S. Bankruptcy Court | $          250.00 | $          0.00 | $          250.00 |
| Other: JOSEPH R. VOILAND | $          127.24 | $          0.00 | $          127.24 |

Total to be paid for chapter 7 administrative expenses          $            4,826.56

Remaining Balance                                                $          12,145.60

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court,
priority claims totaling $ 47,187.43  must be paid in advance of any dividend to general (unsecured)
creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|-------------------------|--------------------------|------------------|
| 000005P | Illinois Department of Revenue | $ 47,187.43 | $ 0.00 | $ 12,145.60 |

Total to be paid to priority creditors                  $_____12,145.60

Remaining Balance                                        $_____0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 30,206.94  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  0.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|-------------------------|--------------------------|------------------|
| 000003 | American Express Bank, FSB | $ 15,335.53 | $ 0.00 | $ 0.00 |
| 000004 | American Express Bank, FSB | $ 9,362.81 | $ 0.00 | $ 0.00 |
| 000005U | Illinois Department of Revenue | $ 5,508.60 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors          $_____0.00

Remaining Balance                                               $_____0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE